UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, ) ) ) v. ) ) TERRENCE THOMAS, ) Defendant. ) ) | **CIVIL ACTION** No. 23-10789-IT |

MEMORANDUM AND ORDER
June 27, 2023

For the reasons set forth below, the court remands this action under 28 U.S.C. § 1447(c) to the Barnstable Superior Court.

**Background**

Terrence Thomas filed an affidavit and motion seeking to remove a pending criminal prosecution, identified as 1972CR00098, from the Barnstable Superior Court to this federal court. Notice of Removal [Doc. No. 1].[1] Thomas subsequently filed a Motion to Attach Attachments [Doc. No. 3] with 167 pages of documents, including police reports and court records. Thomas did not pay the $402.00 filing fee nor seek leave to proceed without prepayment of fees.

Thomas states that removal is sought pursuant to 28 U.S.C. § 1443(1). Notice of Removal at p. 2.[2] He asserts that "all exculpatory evidence was withheld from the grand jury," *id.* at ¶ 1, p

---

[1] The court takes judicial notice of the pending criminal prosecution, *Commonwealth v Thomas*, No. 1972-CR-00098 (Mass. Super. Ct.). *See United States v. Mercado*, 412 F.3d 243, 247 (1st Cir. 2005). It is "well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990).

[2] Reference to page numbers are to those numbers automatically assigned by the court's electronic case filing system.

2, and that he has "had Eight D.A.'s on [his] case that have failed to bring this before the court, even though they have an obligation to uphold the integrity of the judicial system and the courts," *id.* at ¶ 2. p. 3. Thomas states that an assistant district attorney "has fabricated evidence against [Thomas] to falsely imprison [Thomas]," *id.*, and "lied at [Thomas'] bail hearing and told the judge that [Thomas has] won a settlement for $50,000.00 in order for the judge to make [Thomas'] bail so high [that he] can't make it." *Id.* at ¶ 5, p. 4. Thomas asserts that "because of racial discrimination [Thomas'] civil rights have been violated [citing 42 U.S.C. § 1975 *et seq.* (establishment of United States Commission on Civil Rights) and 42 U.S.C. § 2000 *et seq.* (Title VII of the Civil Rights Act of 1964)" and that "[w]hen [Thomas appears in court he is] the only African American inside the court room." *Id.* at ¶ 6, p. 4. Thomas contends that he has "been denied equal protection of the law from the racial discrimination [he experiences] every time [he goes] inside of Barnstable County Superior Court." *Id.* at ¶ 7, p. 4.

As to his defense attorneys, Thomas states that he has "been denied access to attorneys which is a direct violation of [his] Sixth Amendment right." *Id.* He asserts further that "[e]very attorney that has been assigned [to his] case refused to [file motions asserting that law enforcement] broke the law by giving false testimony before the grand jury, presenting falsified statement[s] to the grand jury to procure indictments and withheld all exculpatory evidence." *Id.* at ¶ 8, p 5.

Thomas reports that he has filed separate civil lawsuits against a former attorney, two state court judges, and against the Barnstable Superior Court. *Id.* at ¶¶ 9-11, 14, p. 5-9.

## Standard of Review

A removing defendant has the burden of establishing that a case is within the federal court's removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).

Because removal to federal court deprives the state court of jurisdiction, "removal statutes are to be narrowly construed." *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 76 (1st Cir. 2009) (citing *Shamrock Oil & Gas Corp.*, 313 at 108-109). The substantive grounds for removal of criminal cases are limited, as set forth in 28 U.S.C. §§ 1442 (allowing removal of actions against federal officers and agencies for acts done under color of law), 1442a (allowing removal of actions against members of the armed forces for acts done under color of their office), 1443(1) (allowing removal of actions where a person "is denied or cannot enforce in the [state] court ... a right under any law providing for [his] equal civil rights"), and 1443(2) (allowing removal of actions for "any act under color of authority derived from any law providing for equal rights or for refusing to do any act on the ground that it would be inconsistent with such law").

To remove a case under Section 1443(1), the criminal defendant must allege that he has been denied a federal right arising under a specific law or statute protecting racial equality, and that he cannot enforce his federal civil rights in his state court criminal proceedings. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights).

A notice of removal of a state criminal prosecution must "be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." 28 U.S.C. § 1455(b)(3). If it clearly

appears on the face of a notice of removal that removal of a criminal case is impermissible, the district court must summarily remand the action to state court. 28 U.S.C. § 1455(4).

Because Thomas is proceeding *pro se*, the court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). For the reasons stated below, the court enters an order summarily remanding to the state court.

### Discussion

As an initial matter, the removal is untimely because it was not filed within 30 days after Thomas's arraignment in the Barnstable Superior Court. A search of the electronic docket sheet at masscourts.org indicates that Thomas was arraigned on November 8, 2019.[3] To be timely, Thomas would have had to have filed the Notice of Removal no later than December 8, 2019. Instead, the Notice of Removal was filed more than three years after Thomas' arraignment. Further, Thomas has not alleged any ground showing good cause for an order granting him "leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1).

Even if Thomas's Notice of Removal was timely under Section 1455 or he had shown good cause for his failure to file within that time, he has not met the requirements for removal under Section 1443(1). "It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied ... or that the defendant is unable to obtain a fair trial in a particular state court. *See City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827 (1966). Thomas' allegations concerning racial discrimination are conclusory and fail to demonstrate racial bias against him or his inability to

---

[3] https://www.masscourts.org/eservices/search.page.3.1?x=FbqUyICMyLc7Ok496eZRUg (last visited June 26, 2023).

enforce his civil rights in the state court proceedings. Thomas' allegations are the type of general, and insufficient, allegations that cannot serve as a basis to remove his criminal case under Section 1443(1).

## **Order**

Based upon the foregoing, it is it is hereby ORDERED that

1. The court remands this action under 28 U.S.C. § 1447(c) to the Barnstable Superior Court.

2. The Clerk is directed to mail a copy of this order to Thomas and the Barnstable Superior Court.

SO ORDERED.

                                                  /s/ Indira Talwani
                                             UNITED STATES DISTRICT JUDGE

June 27, 2023